IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARFATA DORLEY,<br><br>                *Plaintiff,*<br><br>    v.<br><br>SAVE-A-LOT, SAVE-A-LOT #274,<br>SUPERVALU INC., and MORAN FOODS<br>LLC.<br><br>                *Defendants.* | CIVIL ACTION<br>NO. 16-cv-04510 |

**PAPPERT, J.**                                                                                                   October 25, 2016

**MEMORANDUM**

Marfata Dorley was injured in a slip-and-fall accident at a Save-A-Lot grocery store in Philadelphia. She sued Save-A-Lot, Save-A-Lot #274, Supervalu Inc. and Moran Foods LLC (collectively "Defendants") in the Court of Common Pleas of Philadelphia County seeking damages in excess of $50,000. Defendants removed the case to federal court when Dorley failed to stipulate to a damages cap of $75,000. Dorley moves to remand the case. Because the Defendants have not demonstrated by a preponderance of the evidence that Dorley's claim exceeds the jurisdictional minimum of $75,000, Dorley's Motion is granted and the case remanded back to the Court of Common Pleas.

**I.**

On September 6, 2014 Dorley slipped and fell while shopping at Save-A-Lot #274 in Philadelphia. (Defs.' Notice of Removal, Ex. A ("Compl.") ¶¶ 5, 9, ECF No. 1.) Dorley alleges that she slipped on a defect or liquid substance on the grocer's floor, (*id.* ¶ 8), fell "violently" to the ground, and suffered "severe and permanent injuries and damages" as a result, (*id.* ¶ 10).

1

Dorley sued the Defendants in the Philadelphia County Court of Common Pleas on July 11, 2016. (Pl.'s Mot. Remand ¶ 2.) Her complaint includes a list of generalized physical injuries, including permanent damage to virtually every appendage and various other parts of her body. (Compl. ¶ 19.) The Complaint also alleges psychological injury and ongoing pain and mental anguish. (*Id.*) Dorley contends that she can no longer engage in her usual work and has suffered a reduction in her current earnings and future earning capacity. (*Id.* ¶ 20.) She also alleges that she will "be obligated to continue to obtain hospital and medical treatment" and to make "expenditures for an indefinite time in the future." (*Id.* ¶ 21.) Dorley seeks damages "in excess of . . . $50,000."[1] (Compl. ¶¶ 23.)

On July 26, 2016 Defendants told Dorley she could either stipulate to a damages cap of $75,000 or the Defendants would remove the case to federal court. (Defs.' Notice of Removal, Ex. C, at 31, ECF No. 1.) Receiving no response, the Defendants filed their Notice of Removal on August 17, 2016.[2] Dorley filed her Motion to Remand on August 23, 2016, (ECF No. 6.) and the Defendants filed their response on September 1, 2016 (ECF No. 9).

**II.**

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). A defendant may therefore remove from state to federal court a civil case between citizens of different states when

---

1   "[A] pleading of 'in excess of $50,000' is frequently utilized, as . . . more than $50,000 must be [pleaded] in certain circumstances to avoid compulsory arbitration. As such, it amounts to little more than boilerplate, and proves nothing about the actual amount in controversy here." *Shygelski v. Allstate Fire & Cas. Ins. Co.*, No. 16-576, 2016 WL 1463774, at *1 n.1 (M.D. Pa. Apr. 14, 2016) (citing 42 Pa. Cons. Stat. Ann. § 7361; Pa. R. Civ. P. 1021(c); *Int'l Fleet Auto Sales v. Nat'l Auto Credit*, no. 97-16751999 WL 95258 (E.D. Pa. Feb. 22, 199 9)).

2   While Defendants filed the notice of removal thirty-seven days after Dorley filed the Complaint, the last defendant to be served, Supervalu Inc., was served on August 1, 2016. *See* (Orig. Rec., at 28–29, ECF No. 10.) Defendants' Notice of Removal was therefore within the thirty-day time for removal limit prescribed by statute. *See* 28 U.S.C. § 1446(b)(2)(C) (**"**If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.").

2

the amount in controversy exceeds $75,000. *See id.*; *see also id.* § 1332(a). "The party asserting jurisdiction bears the burden of showing that at all stages of litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). "Where the court is left to guess at whether the jurisdictional threshold has been met, then a removing defendant has not carried its burden." *Heffner v. Lifestar Response of N.J.*, No. 13-0194, 2013 WL 5416164, at *14–15 (D.N.J. Sept. 27, 2013).

A plaintiff may challenge removal by moving to remand the case to state court. 28 U.S.C. § 1447(c). Grounds for remand include: (1) lack of subject-matter jurisdiction or (2) a defect in the removal procedures. *PAS v. Travelers Ins. Co*, 7 F.3d 349, 352 (3d Cir. 1993) (citing 28 U.S.C. § 1447(c)). "The removal statute should be strictly construed and all doubts resolved in favor of remand," *Johnson v. SmithKline Beecham* Corp., 724 F.3d 337, 346 (3d Cir. 2013) (quoting *Brown v. Francis*, 75 F.3d 860, 864–65 (3d Cir. 1996)); anything otherwise would curtail the power of the state courts to decide actions properly before them, *see Merrell Dow Pharms., Inc. v. Thompson*, 478 U.S. 804, 809 (1986).

### III.

As a threshold matter, the Court must determine the proper standard of proof for Dorley's Motion to Remand. Dorley contends that when a dispute over the amount in controversy arises, "the party asserting jurisdiction must justify his allegations by a preponderance of the evidence." (Pl.'s Mem. of Law in Supp. of Mot. to Remand ("Pl.'s Mem."), at 2, ECF No. 6-1 (quoting *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 397 (3d Cir. 2004))). Defendants assert that the Court must remand the case only "if it appears to a legal certainty that [Dorley] cannot recover the jurisdictional amount." (Defs.' Mem., at 3 (quoting *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007))).

Dorley's statement of the law is ultimately correct.  Although neither Dorley nor the Defendants cite the relevant statutory provision in their briefs, 28 U.S.C. § 1446(c)(2) states:

> **(c)(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
> > **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks--
> >
> > > **(i)** nonmonetary relief; or
> > >
> > > **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> >
> > **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(2).  Thus a defendant's notice of removal may assert the amount-in-controversy where the relevant state practice does not permit a demand for a specific sum.  In such a situation, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).  Where the plaintiff contests the defendant's amount-in-controversy allegation, Section 1446(c)(2)(B) applies, and the Court must find that the amount-in-controversy exceeds $75,000 by a preponderance of the evidence to retain the case.  *Id.* at 553–54.[3]

---

[3] Notwithstanding this statute, Defendants' rely on *Frederico v. Home Depot*, 507 F.3d 188 (3d Cir. 2007), for the proposition that if the plaintiff has not specifically averred that the amount in controversy is less than $75,000, the case must be remanded "if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount." (Defs.' Mem., at 3.)  This reliance on *Frederico* is misplaced.  That case was decided before Congress enacted the Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112-63, 125 Stat. 758, which amended 28 U.S.C. § 1446 to add the current Section 1446(c)(2).  Pub. L. No. 112-63, 125 Stat. 758; *see also Judon v. Travelers Property Cas. Co. of Am.*, 773 F.3d 495, 503 n.7 (3d Cir. 2014) (explaining that the amendments to Section 1446 "limit the application of [the legal certainty standard] in some traditional diversity actions").  While the "legal certainty" standard detailed in *Frederico* is not entirely obsolete, it does not apply here.

Section 1446(c)(2)(A) applies here. Pennsylvania does not permit a demand for a specific sum, and Dorley seeks open-ended damages "in excess of $50,000." Pa. R. Civ. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."); (Compl. ¶ 23); *see also, e.g.*, *Lewis v. FCA U.S. LLC*, No. 15-2811, 2015 WL 3767521 (E.D. Pa. June 17, 2015). Defendants' Notice of Removal therefore properly asserts that the amount-in-controversy exceeds $75,000, (Defs.' Notice of Removal, ¶ 13); *see also* 28 U.S.C. § 1446(c)(2)(A), and Dorley disputes that assertion, (Pl.'s Mem., at 2.) The Court must decide whether Defendants' Notice of Removal proves by a preponderance of the evidence that Dorley's claims exceed $75,000. *See* 28 U.S.C. § 1446(c)(2)(B).

Defendants' rely on two points to prove the amount-in-controversy exceeds $75,000. For one, they note that Dorley refused to stipulate to a damages cap of $75,000. (Defs.' Notice of Removal, ¶¶ 8–9.) They also note Dorley's boilerplate list of alleged injuries, including physical and psychological harm as well as lost income and future earnings. (*Id.* at ¶ 6.) In essence, Defendants contend that the Complaint itself, coupled with Dorley's refusal to stipulate to a damage cap, is sufficient to confer federal jurisdiction over this case. This may satisfy the Defendant's proposed "legal certainty" standard, but it does not satisfy the standard prescribed by Section 1446(c)(2).

A plaintiff's refusal to stipulate to a specific amount of damages does not show by a preponderance of the evidence that the amount-in-controversy exceeds the jurisdictional minimum. *See, e.g.*, *Schillaci v. WalMart*, No. 12-1127, 2012 WL 4056758, at *2 (W.D. Pa. Sept. 14, 2012) (noting that courts applying the preponderance standard have "rejected the notion that the failure to stipulate, on its own, will defeat a [m]otion to [r]emand"); *Lee v. Walmart, Inc.*, 237 F. Supp. 2d 577, 580 (E.D. Pa. 2002) ("While a plaintiff's failure to stipulate might

provide some evidence that a claim is truly for more than the jurisdictional minimum, I do not believe that fact may alone shoulder the burden of [Section] 1332 jurisdiction."). The Court, after all, cannot be certain why Dorley refused to stipulate to a damages cap. *See Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (noting that "[t]here are several reasons why a plaintiff would not so stipulate, and a refusal to stipulate standing alone does not satisfy [defendant's] burden of proof on the jurisdictional issue"); *Martin v. Wal-Mart Stores, Inc.*, 709 F. Supp. 2d 345, 350 (D.N.J. 2010) (applying a preponderance standard and noting that there are "any number of reasons" for a plaintiff's refusal to stipulate, including that the "[p]laintiff may not yet know the value of her claims . . . [or] she may prefer to be uncooperative with Defendant").[4]

Defendants ultimately can point only to the generalized allegations in the Complaint itself. This is insufficient to satisfy their burden. A reasonable reading of the rights being litigated in the Complaint could lead the Court to conclude that the amount-in-controversy is either above or below $75,000. The boilerplate allegations contained in the Complaint do not allow the Court to calculate the likely value of Dorley's claims, nor do they allow the Court to estimate the value of Dorley's lost wages or future earnings. Although Defendants contend that Dorley's assertion that the amount-in-controversy is below the jurisdictional minimum "is not a valid basis for remand," (Mem. Opp'n, at 2), Dorley does not bear the burden here.

---

[4] Defendants cite *Marie v. Sears Auto Repair Ctr.*, No. 10-6535, 2011 WL 198465 (E.D. Pa. Jan. 20, 2011), to support their contention that a refusal to stipulate is itself sufficient to satisfy the amount-in-controversy requirement. In *Marie*, the plaintiff filed a complaint in state court alleging damages in excess of $50,000. *Marie*, 2011 WL 198465, at *1. Once the defendant removed the case to federal court, the plaintiff sought remand on the basis that her medical bills were only $683.75. *Id.* The court found that plaintiff's assurance regarding her medical bills did not suggest that she could not recover more than $75,000 as a legal certainty, and therefore refused to remand the case to state court. *Id.* However, the *Marie* court applied the Defendants' proposed "legal certainty" standard rather than the now-required preponderance of the evidence standard. *Id.* Other cases to reach a similar conclusion do so under the "legal certainty" standard as well. *See, e.g.*, *Johnson v. Costco Wholesale*, No. 99-3567, 1999 WL 740690, at *2 (E.D. Pa. Sept. 22, 1999).

The Court cannot substitute Defendants' expectations—nor its own assumptions—for the evidence necessary to support federal jurisdiction.  All doubts are to be resolved in favor of remand.  *Johnson v. SmithKline Beecham* Corp., 724 F.3d 337, 346 (3d Cir. 2013).  Because the Court is effectively "left to guess at whether the jurisdictional threshold has been met" in this case, the Defendants have not met their burden.  *See Heffner v. Lifestar Response of N.J.*, No. 13-0194, 2013 WL 5416164, at *14–15 (D.N.J. Sept. 27, 2013).  An appropriate order follows.

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.